UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| ROBERT A. HAWKINS,<br>Petitioner,<br><br>v.<br><br>SANDRA BUTLER, WARDEN,<br>Respondent. | Civil Action No. 6:14-148-KKC<br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Robert A. Hawkins is an inmate at the Federal Correctional Institution-Manchester ("BOP"), located in Manchester, Kentucky. Proceeding without an attorney, Hawkins has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging the enhancement of his federal sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(c)(1)(A).

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Hawkins is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Hawkins's factual allegations as true and liberally construes his legal claims in his favor.

The Court has reviewed Hawkins's habeas petition that that it cannot grant the relief which Hawkins seeks in this action, *i.e.*, an order vacating his 324-month sentence. The Court will therefore deny Hawkins's § 2241 petition and dismiss this proceeding.

1

## BACKGROUND

In May 2004, Hawkins was indicted for robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a); use of a firearm in relation to a crime of violence in violation of § 924(c)(1)(A),[1] and unlawful possession of a firearm by a felon in violation of § 922(g)(1). *United States v. Robert A. Hawkins*, 3:04-CR-50028-1 (N.D. Ill. 2004) [R. 1, therein] On December 8, 2005, the jury convicted Hawkins of all three offenses, [R. 69, therein], and on March 26, 206, the district court sentenced him to a prison term of 324 months, consisting of concurrent 240-month sentences on Counts One and Three, and a consecutive 84-month sentence on Count Two (use of a firearm in relation to a crime of violence in violation of § 924(c)(1)(A)). [R. 79, therein] Hawkins appealed, but his conviction was affirmed. *United States v. Hawkins*, 499 F. 3d 703 (7th Cir. 2007)

In October 2009, Hawkins filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he raised sixteen claims alleging ineffective assistance of both trial and appellate counsel. *United States v. Robert A. Hawkins*, No. 3:09-CV-50243 (N. D. Ill. 2009) One of those claims was that at sentencing, his trial counsel had been ineffective in failing to object to the imposition of both a mandatory minimum sentence and the 84-month consecutive sentence, and in failing to challenge the validity of his prior state court convictions.

---

[1] Title 18 U.S.C. § 924(c)(1)(A)(ii) provides as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> ....
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years....

On August 6, 2010, the district court entered an order denying Hawkins's § 2255 motion. [R. 11, therein; *see also United States v. Robert A. Hawkins*, No. 3:09-CV-50243, 2010 WL 31154349 (N. D. Ill. Aug 6, 2010)] As for Hawkins's argument that his trial counsel had failed to object to various aspects of his sentence, the district court stated, "These claims both fail under established Seventh Circuit law, and Hawkins effectively concedes as much in his reply brief." *Id.*, 2010 WL 31154349 at *6. Hawkins appealed the denial of his § 2255 motion, but the Seventh Circuit denied him a certificate of appealability. *Robert A. Hawkins v. United States*, No. 10-3514 (7th Cir. May 9, 2011).

**CLAIMS ASSERTED IN THE § 2241 PETITION**

Hawkins challenges his sentence under the ACCA on three grounds. First, Hawkins alleges that the district court improperly determined that he had "brandished" a firearm while committing a crime of violence, which resulted in the imposition of a mandatory minimum sentence of seven years under 18 U.S.C. § 924(c)(1)(A)(ii). Hawkins contends that only the jury, not the district court, could determine that he "brandished" a firearm, and that he is actually innocent of "brandishing" a firearm. Hawkins's argument on this issue implicates both the Fifth Amendment of the U.S. Constitution, which guarantees due process of law, and the Sixth Amendment of the U.S. Constitution, which guarantees a trial by jury in any criminal proceeding.

Second, Hawkins alleges that his appellate counsel failed to challenge his sentence under the ACCA on direct appeal.

Third, Hawkins alleges that the district court improperly determined that he was an armed career criminal, based on his three prior convictions.[2] Hawkins claims that two of

---

[2] Title 18 U.S.C. § 924(e)(1) imposes a mandatory minimum sentence of fifteen years on career criminals. The statute provides:

3

his prior convictions should not have counted as predicate convictions under the ACCA because (1) his rights were restored to him in connection with his prior Illinois burglary conviction, and (2) he was denied counsel in the criminal proceeding in which he was convicted of assault and escape. Hawkins asserts that he is also actually innocent of being an armed career criminal. Hawkins's claim on this issue alleges a denial of due process of law under the Fifth Amendment, and a violation of his right to counsel under the Sixth Amendment.

Hawkins cites no legal authority in support of any his claims, but to the extent that he alleges that the district court--instead of the jury--determined certain facts which resulted in the enhancement of his sentence under the ACCA, Hawkins is in essence challenging his sentence under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155.

Hawkins seeks an order declaring that his is actually innocent of "brandishing" a firearm and of being an armed career criminal. Hawkins contends that his 324-month sentence should be vacated and that he should be re-sentenced without any enhancements or mandatory minimum sentences under the ACCA. Hawkins states that he has not filed an application seeking permission to file a second or successive § 2255 motion, because "Illinois U.S. Dist. Ct. will not entertain second or successive 28 U.S.C. § 2255 dealing with sentencing issues." [R. 1, p. 5]

---

> In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 is the appropriate mechanism for challenging a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Hawkins is not challenging the execution of his sentence. Instead, he contends that his ACCA-enhanced sentence violates his constitutional rights; that he was not subject to a mandatory minimum sentence and that he does not qualify as an armed career criminal; and that he should be resentenced without the ACCA enhancement. Hawkins is thus challenging the constitutionality of his 324-month sentence on Fifth and/or Sixth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making this claim.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677

F.3d 303, 306-07 (6th Cir. 2012). *Wooten*, 677 F.3d at 307;, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may *only* pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Hawkins alleges that on direct appeal of his conviction, his *appellate counsel* failed to challenge the imposition of the mandatory minimum sentence under the ACCA, which was based on the district court's determination that he had "brandished" a firearm during the commission of a violent crime. This Court has reviewed the comprehensive order entered by the district court on August 6, 2010, in which it denied Hawkins's § 2255 motion. In that order, the district court enumerated and discussed all of Hawkins's sixteen claims alleging ineffective assistance of counsel, but that order does *not* indicate that Hawkins argued in his § 2255 motion that his *appellate counsel* failed to challenge the imposition of the seven-year mandatory minimum sentence. Hawkins alleged that at sentencing, his *trial counsel* failed to object to the imposition of the seven-year mandatory minimum sentence, but it does not appear that Hawkins argued that his *appellate counsel* failed to

6

raise this issue on direct appeal of his conviction. Hawkins could and should have asserted this particular argument in his § 2255 motion, but it does not appear that he did so.

The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758. Thus, on this particular issue, Hawkins has not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention.

Further, any construed claim based on *Alleyne*, which was decided after the district court denied Hawkins's § 2255 motion, does not assist Hawkins, who asserts that he had a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury. If Hawkins were currently arguing this particular sentencing issue on direct appeal of his sentence, he could likely invoke *Alleyne* as support for his argument. But Hawkins asserts this sentencing claim in a § 2241 petition, which is merely a collateral challenge to his sentence, and "…a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

Unfortunately for Hawkins, on June 24, 2014, the Sixth Circuit Court of Appeals joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Rodriguez*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (*per*

7

*curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Thus, *Alleyne* does not support Hawkins's argument.

Finally, Hawkins does not claim that he is actually innocent of the various firearm and commerce interference offenses of which he was convicted. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("[The petitioner] does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *see also Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003) (affirming the denial of a § 2241 petition challenging only a sentence enhancement under the ACCA, not the petitioner's underlying § 922(g) firearm offense).

For the reasons set forth above, Hawkins has not demonstrated that he is entitled to relief under § 2241. His petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1.  Robert A. Hawkins's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate Judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This November 7, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY